IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JAMES BOSTIC,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.:    WDQ-11-3131
CRIMINAL NO.: WDQ-09-0333

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

James Bostic pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and was sentenced to 210 months in prison. Pending are Bostic's *pro se* motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255; to strike the government's response; for default judgment; for intervention; and for extension of time to file traverse. No hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the motions will be denied.

I.  Background

On February 2, 2010, Bostic was arrested after a cocaine transaction. ECF No. 76 at 4. A search warrant for Bostic's home in Pennsylvania was obtained. *Id.* at 5. During the search, law enforcement recovered a loaded pistol-gripped shotgun from a drawer containing men's underwear. *Id.*

On February 17, 2010 Bostic was indicted for conspiracy to distribute and possess with intent to distribute one thousand kilograms or more of marijuana, and five kilograms or more of cocaine, possessing with intent to distribute five kilograms or more of cocaine, and possessing firearms in furtherance of a drug trafficking crime. ECF No. 66.

Bostic reached an agreement with the government to plead guilty to conspiracy with intent to distribute and possess with intent to distribute five kilograms or more of cocaine (count 1). ECF No. 76 at 1. Included in the stipulation of facts was the recovery of the shotgun. *See id.* at 5. Bostic stipulated that the base offense level was 36, pursuant to U.S.S.G. § 2D1.1(c)(2). *Id.* Bostic also stipulated that the offense level was enhanced by two levels because Bostic possessed a firearm in connection with the offense pursuant to U.S.S.G. § 2D1.1(b)(1). *Id.* The offense level was adjusted downward two levels for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), and one level for a prompt guilty plea, *see* U.S.S.G. § 3E1.1(b), for a final level of 35. *Id.* Bostic signed the agreement. *Id.* at 9. At his rearraignment, he swore that he had read the plea agreement, discussed it with his lawyer, understood it, and agreed to it. *See* ECF No. 190-2 at 10.

After Bostic pled guilty, the U.S. Probation and Pretrial Services prepared a Presentence Report ("PSR"). The PSR listed

four adult criminal drug convictions for Bostic.[1] The PSR determined that his total offense level was 35 and his criminal history category was III. PSR at 5, 7. His advisory sentencing guideline range was 210 to 262 months. *Id.* at 8. Bostic did not object to the PSR, and his attorney described it as "thorough and accurate."[2] ECF No. 106 at 3.

Bostic was sentenced to 210 months imprisonment on November 5, 2010, for count 1, and the other counts were dismissed on the government's motion. ECF No. 116. Bostic did not appeal.[3] *See* ECF No. 165 Mot. at 2.

On November 2, 2011, Bostic moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Bostic asserted that his counsel, Jonathan Van Hoven, Esquire, was ineffective for failing to object to the firearm enhancement, and that the Court lacked constitutional jurisdiction. ECF No. 165. Bostic attached affidavits and other evidence that the gun

---

[1] They are: (1) distribution of a controlled substance for which he was sentenced on September 8, 1992; (2) possession with intent to distribute a controlled dangerous substance for which he was sentenced on September 8, 1992; (3) possession with intent to distribute a controlled dangerous substance and conspiracy for which he was sentenced on November 29, 1998; and (4) possession of cocaine, for which he was sentenced on October 19, 2005. PSR at 5-6.

[2] Bostic did note "minor errors in family history." ECF No. 106 at 3 n.1. Bostic's sister was described as a half-sister, the sister's date of death was wrong, and one of Bostic's job descriptions was incorrect. *Id.*

[3] Bostic's counsel states that Bostic did not ask him to file an appeal. ECF No. 157. Bostic has not challenged this assertion.

belonged to his wife Kimberly Eppes. ECF No. 165 Ex. A, C. Bostic swore that the house where the gun was found was his father's, that he stayed there occasionally, and that he had no knowledge of the gun. ECF No. 165 Ex. D ¶ 4.

Following the filing of Bostic's § 2255 motion, the Court ordered the government to respond within 60 days of November 10, 2011. ECF No. 169. The government did not file a response by the deadline, but on January 18, 2012, it moved for an extension, citing other trials for the delay. ECF No. 180. The Court granted the extension to March 10, 2012. ECF No. 181.

On January 23, 2012, Bostic moved for default judgment because of the government's failure to respond. ECF No. 183. On March 3, 2012, the government filed its response. ECF No. 190. On March 22, 2012, Bostic again moved for default judgment.[4] ECF No. 191.

On March 30, 2012, Bostic requested that the Court strike the government's response and that his time to file a traverse[5]

---

[4] Bostic captioned his filing "Motion for Court to Show Cause Why Petitioner Should Seek Writ of Mandamus for the Court's Failure to Issue the Great Writ After the Government Has Failed to Answer Two Court Orders Pursuant to Rule 55(d)"; he again asked for a default judgment. See ECF No. 191.

[5] A traverse is "[a] formal denial of a factual allegation made in the opposing party's pleading." Black's Law Dictionary (9th ed. 2009). Although 28 U.S.C. § 2248 requires a traverse in habeas corpus proceedings, there is no such requirement under § 2255. Rule 5 of the *Rules Governing § 2255 Proceedings* advisory committee's note (1976). Prisoners often submit a "traverse" in

4

be extended. ECF No. 201. In his motion, Bostic claims that he did not receive the government's response until March 26, 2012, attaching a photocopy of an envelope appearing to be postmarked March 23, 2012. *See* ECF No. 201 at 1, 3.

Although the Court did not rule on the motion to extend time, on April 16, 2012, Bostic filed a traverse. ECF No. 205. The same day he also moved for intervention of right on his constitutional claims. ECF No. 206.

## II. Analysis

### A. Motion to Strike and for Default

Bostic asks the Court to strike the government's response to his § 2255 petition and grant default judgment because the government did not seek an extension of time to file its response until after the deadline had passed.[6] ECF No. 191; *see* ECF No. 180 (government's motion). The Court granted the government an extension until March 10, 2012. *See* ECF Nos. 181, 190. The government's response was filed on March 2, 2012, before the new deadline. The government's response was timely.

---

reply to the government's opposition to their § 2255 motion. *See Garcia v. United States*, 278 F.3d 134, 136 (2d Cir. 2002).

[6] Bostic contends that the government's filing was falsely dated, arguing that he did not receive the response until March 26, 2012, in an envelope that he claims is postmarked March 23, 2012. *See* ECF No. 201 at 1, 4. The docket, however, shows that the government filed its response on March 2. *See* Docket No. 190.

Bostic's motions to strike and for default judgment will be denied.

B.   Motion for Intervention into This Case

Bostic requests that the Court allow him to intervene into his case as of right pursuant to Fed. R. of Civ. P. 5.1 and that the Court issue the certification required under Rule 5.1(b). ECF No. 165 Mem. at 11; see ECF No. 206. Bostic misconstrues intervention under Rule 5.1--the United States is permitted to intervene in a case alleging that a statute is unconstitutional, not he. See Fed. R. Civ. P. 5.1(c). Rule 5.1(b) requires the Court to certify to the Attorney General that the constitutionality of a statute has been challenged according to 28 U.S.C. § 2403. Here, the United States is a party so no certification is necessary. Cf. 28 U.S.C. § 2403. The motion will be denied.

C.   Motion to Extend Time to File Traverse

Citing the government's failure to timely respond, Bostic requests an extension of time to file his traverse. ECF No. 201 at 1-2. Before the Court had ruled on his motion, he submitted his traverse. ECF No. 205. Because the traverse merely reiterates his frivolous claims about the passage of Title 18 of the U.S. Code and the Court's jurisdiction, see below, the motion will be denied.

D.   Motion to Vacate, Set Aside, or Correct Sentence

Bostic requests that the Court vacate, set aside, or correct his sentence on the grounds that (1) his counsel was ineffective, and (2) that the Court's jurisdiction was unconstitutional.

1.   Ineffective Assistance of Counsel[7]

Bostic argues that he was prejudiced by Van Hoven's deficient performance because without the firearm enhancement, his sentence would have been shorter. ECF No. 165 Mem. at 27. The government argues that Bostic received a better deal than he might have because the government could have sought a mandatory twenty year sentence or the maximum life sentence based on Bostic's prior convictions. ECF No. 190 at 6.

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Bostic must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Id.* at 687. To show deficient performance, Bostic must establish that counsel made errors so serious that the

---

[7] Bostic notes that he did not appeal Van Hoven's ineffective assistance on the firearm enhancement because he was told that he could not appeal per the plea agreement. ECF No. 165 Mot. at 4, 6. Bostic correctly acknowledges that the proper manner for challenging the ineffective assistance is a collateral attack. ECF No. 165 Mot. at 6; *see United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999). Bostic does not challenge his sentence or conviction on his failure to appeal.

"representation fell below an objective standard of reasonableness." *Id.* at 688.

To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because Bostic argues that the sentence--rather than the conviction--was imposed without effective assistance of counsel, he must show that his sentence would have been less if counsel had not erred. *See United States v. Breckenridge*, 93 F.3d 132, 136 (4th Cir. 1996).[8] If Bostic "cannot demonstrate the requisite prejudice, [the Court] need not consider the performance prong." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir.1992).

Bostic was convicted of violating 21 U.S.C. § 846 and sentenced to 210 months imprisonment. ECF No. 116. A violation of § 846 carries the penalties of the substantive offense, 21 U.S.C. § 841(b)(1)(A). 21 U.S.C. § 846. Section 841(a)(1) mandates a minimum sentence of 10 years; the mandatory minimum sentence is 20 years for persons with one prior felony drug

---

[8] When a defendant who pled guilty challenges his conviction or the *imposition* of sentence, the focus is whether counsel's "performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). That defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Here, Bostic challenges only Van Hoven's performance at sentencing.

8

conviction[9] or life imprisonment for two or more prior felony drug convictions. 21 U.S.C. § 841(b)(1)(A).

Bostic had previously been convicted of felony drug offenses. *See* Presentence Report ("PSR") at 5. These qualified him for the life imprisonment mandatory sentence. *See* 21 U.S.C. § 841(b)(1)(A). Bostic would have been to be subject to the higher mandatory minimum sentence under § 841, had the government filed an information establishing the prior convictions. 21 U.S.C. § 851. Because of the plea agreement, the government did not seek the higher mandatory minimum sentence. ECF No. 190 at 6.

Bostic does not contend that the government would have offered him a plea agreement without the firearm enhancement nor that Van Hoven was deficient in negotiating the agreement to which he pled guilty. If Van Hoven had objected to the plea agreement's calculation of the sentence, the government could have sought mandatory life imprisonment for Bostic. As Bostic was not prejudiced by the failure to object, Van Hoven's representation was not constitutionally ineffective. *See Strickland*, 466 U.S. at 686. Bostic's claim fails.

---

[9] A felony drug offense is one "punishable by imprisonment for more than one year under any law of the United States or of a State" and includes narcotics offenses. 21 U.S.C. § 802(44).

2. The Court's Jurisdiction and the Constitutionality of the Statute of Conviction

Bostic raises six interrelated arguments attacking the jurisdiction of the Court and the constitutionality of the statute of his conviction: (1) the Court lacked subject matter jurisdiction because the United States did not show that it owned or was ceded the land, (2) the Court lacked subject matter jurisdiction because the indictment failed to establish jurisdiction and commerce nexus, (3) Titles 18 and 21 of the United States Code were not properly enacted by Congress, (4) the Court is not an Article III court, (5) the grand jury was composed of citizens drawn from outside the territorial composition of the district, (6) Congress may only set penalties for three crimes.[10]  ECF No. 165 Mem. at 33.

a. Ownership of Land

Bostic contends that the Court lacked subject matter jurisdiction because the government does not own the land where he committed the crime. ECF No. 165 Mem. at 38. 18 U.S.C. § 3231 grants the United States District Courts "original jurisdiction . . . of all offenses against the United States." An indictment charging a defendant with an offense against the

---

[10] The government did not address these arguments calling them "boilerplate." The claims lack merit and are subject to dismissal. Cf. Rules Governing § 2255 Proceedings 4(b).

10

United States confers subject matter jurisdiction on the District Court. *United States v. Jackson*, 313 F.3d 231, 233 (5th Cir. 2002). Bostic was indicted for violating 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. §§ 2, 924(c). ECF No. 66. Despite Bostic's contention, these statutes do not require that the actions be committed on federal land to be offenses against the United States.[11] The Court had subject matter jurisdiction. *See* 18 U.S.C. § 3231; *Jackson*, 313 F.3d at 233.

### b. Commerce Nexus

Bostic next argues that the Court lacked jurisdiction because the indictment did not "establish jurisdiction and a commerce nexus." ECF No. 165 Mem. at 41.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged," and must cite the statute allegedly violated. Fed. R. Crim. P. 7(c)(1). "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1988).

---

[11] *See Daniels v. United States*, Civ. No. 10-00495HG-BMK, Cr. No. 08-00104-HG-3, 2011 WL 768704, at *3 (D. Hawaii Feb. 23, 2011).

11

Bostic was charged with and convicted of violating the Controlled Substances Act, 21 U.S.C. § 801, *et seq.* ECF Nos. 66, 116. Congress acted within its enumerated powers when it passed the Controlled Substances Act.[12] Failure to establish the commerce nexus in the indictment does not render it insufficient. *Cf.* Fed. R. Crim P. 7(c)(1); *Williams*, 152 F.2d at 299. Because the statute under which he was convicted does not offend the Commerce Clause, Bostic's indictment was valid.[13]

      c.    Constitutionality of Titles 18 and 21

Bostic argues that Title 18 and 21 of the United States Code were not properly enacted by Congress, are not "positive law," and thus are unconstitutional as applied to him. ECF No. 165 Mem. at 42. Bostic argues that Title 18 was "fraudulently presented to the President." *Id.* The Court joins other courts in rejecting this argument as frivolous.[14]

---

[12] *See Gonzales v. Raich*, 545 U.S. 1, 25-26 (2005); *see also United States v. Leshuk*, 65 F.3d 1105, 1111-12 (4th Cir. 1995) ("Congress has the authority under the Commerce Clause to criminalize the intrastate possession, distribution, and sale of controlled substances).

[13] *See Ferrell v. United States*, Civ. No. DKC 04-2896, Crim. No. DKC 01-0600, 2010 WL 4183263 at *7 (D. Md. Oct. 22, 2010).

[14] *See United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (calling the arguments that Title 18 is unconstitutional because of "supposed irregularities in its enactment" "unbelievably frivolous" (internal quotation marks omitted)); *United States v. Lewis*, No. C 09-04300 SI, Criminal No. 05-00638 SI, 2010 WL 3447702, at *2 (N.D. Cal. Aug. 30, 2010) (calling argument "plainly frivolous"); *United States v. Chillemi*, No. CR-03-0917-PHX-PGR, No. CV-07-0430-PHX-PGR (JI), 2007 WL 2995726 at *1, *7-

Bostic is correct that Title 21 has not been enacted into positive law. *See Burgess v. United States*, 553 U.S. 124, 127 n.1 (2008). This does not render Title 21 unconstitutional. That Congress has enacted a title of the U.S. Code into positive law means that the text of the Code itself is "legal evidence of the laws therein contained" instead of prima facie evidence of the law.[15] For Titles that have not been enacted into positive law, the Statutes at Large, rather than the U.S. Code, control. *See U.S. Nat'l Bank of Ore. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 448 (1993).[16] That a Title has not been enacted into positive law does not "render the substantive law it records a nullity." *Wilson v. United States*, 946 F.2d 902 (table), No. 90-6341, 1991 WL 216477, at *1 (10th Cir. 1991). Title 18 and 21 are constitutional as applied to Bostic.

---

*9 (D. Ariz. Oct. 12, 2007) (stating claim is "frivolous as a matter of law" and containing Magistrate Judge's description of history of enactment); *see also U.S. Civil Serv. Comm'n v. Nat'l Ass'n of Letter Carriers*, 413 U.S. 548, 550 n.1 (1973) (stating that Title 18 "ha[s] been enacted into positive law").

[15] 1 U.S.C. § 204(a); *see Ogg v. United States*, No 3:11-0710, 2012 WL 859595 at *5 (M.D. Tenn. March 13, 2012).

[16] For example, the U.S. Code has previously incorrectly stated that 12 U.S.C. § 92 had been repealed. *See U.S. Nat'l Bank of Ore.*, 508 U.S. at 441-42. That statement would not have mattered if Title 12 had been positive law. *See id.* at 448 & n.3

d.   Article III Status of the Court

Bostic next argues that the Court is not an Article III court. ECF No. 165 Mem. at 46-47. Article III of the United States Constitution vests the judicial power in the Supreme Court and "in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. art. III, § 1. Congress has created the district courts,[17] and granted them jurisdiction "of all offenses against the laws of the United States. 18 U.S.C. § 3231. This Court has been created pursuant to the Constitution and appropriate statute and has jurisdiction.[18] See 28 U.S.C. § 100.

e.   Grand Jury Composition

Bostic contends that the grand jury "consisted of citizens outside territorial composition of where Article III jurors are to be drawn."[19] ECF No. 165 Mem. at 47. Bostic bases his

---

[17] See 28 U.S.C. § 132 ("There shall be in each judicial district a district court which shall be a court of record known as the United States District Court for the district.").

[18] See 18 U.S.C. § 3231; 28 U.S.C. §§ 100, 132; O'Donoghue v. United States, 289 U.S. 516, 547 (1933) ("[Congress] has invested the district courts of the United States" "with the power and jurisdiction over all cases and controversies . . . under the authority of article 3" (internal quotation marks omitted)).

[19] Bostic also requests the jury selection process utilized for the grand jury. ECF No. 165 Mem. at 47. 28 U.S.C. § 1867(f) requires disclosure of the jury selection process to aid in the preparation of motions under §1867(a), (b), or (c) attacking the jury selection process. See Test v. United States, 420 U.S. 28, 29-30 (1975). A motion challenging the procedure must be filed

argument on *United States v. Smiley*, 27 F. Cas. 1132 (C.C.N.D. Cal. 1864) (No. 16,317), which concerned jurisdiction over the plunder of a ship destroyed and sunk 150 feet off the Mexican coast. *Id.* at 1134. *Smiley* is irrelevant and provides no support to Bostic's claim. As Bostic has no other argument for challenging the grand jury, his argument fails.[20]

### f.   Constitutional Crimes

Bostic's final argument is that the Constitution authorizes Congress to punish only the three crimes listed in the Constitution: counterfeiting, piracy, and treason. ECF No. 165 Mem. at 48. Congress has the power to criminalize possession, distribution, and sale of controlled substances. *United States v. Leshuk*, 65 F.3d 1105, 1111-12 (4th Cir. 1995). The argument that Congress may penalize only the three crimes listed has been rejected by courts. *See, e.g., Ogg v. United States*, No 3:11-0710, 2012 WL 859595, at *7 (M.D. Tenn. March 13, 2012) (listing cases). Bostic's constitutional and jurisdictional claims lack

---

challenge. 28 U.S.C. §1867(a). As Bostic's argument is a general attack on federal jurisdiction over Maryland, *see* ECF No. 165 Mem. at 48, the time for challenging the jury selection process has long passed. As Bostic has not complied with the terms of §1867, he is not entitled to the jury selection process.

[20] *See McLaurin v. United States*, Civ. No. 3:07-CV-P381-S, Crim. No. 3:03-CR-45-S, 2010 WL 3516427, at *2 (W.D. Ky. Sept. 2, 2010) (calling similar argument "utterly specious").

merit. The motion to vacate, set aside, or correct sentence will be denied.

D.  Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Bostic has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Bostic's motions to vacate, set aside or correct sentence, for default judgment, to strike,

16

for intervention, and for extension of time to file traverse will be denied.

_____10/9/12_____          _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge