IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-09-0333 |
| JAMES BOSTIC, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

On June 16, 2010, Defendant James Bostic ("Defendant" or "Bostic") pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine, in violation of 21 U.S.C. § 846.  (ECF No. Arraignment, ECF No. 75; Plea Agreement, ECF No. 76.)  On November 8, 2010, Judge William D. Quarles of this Court[1] sentenced Bostic to 210 months (17.5 years) of imprisonment, to be followed by a five-year term of supervised release. (Amended Judgment, ECF No. 116.)  Bostic's period of incarceration was subsequently reduced to 168 months based on a change in the law which affected his advisory Guidelines range.  (ECF No. 306.)  Bostic has been in federal custody for approximately 127 months and is presently incarcerated at FPC Lewisburg, a Pennsylvania-based low security satellite camp adjacent to the maximum-security Lewisburg Penitentiary.  Bostic becomes eligible for home confinement beginning September 17, 2020.  (ECF No. 336-1.)

On June 5, 2020, Bostic filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 327), which was supplemented by counsel on August 20,

---

[1] On January 28, 2016, this case was reassigned to the undersigned Judge Richard D. Bennett following Judge Quarles' retirement.

2020. (ECF Nos. 327, 334 *SEALED*.) In those filings, Bostic argued that he was entitled to compassionate release because his medical conditions rendered him uniquely susceptible to COVID-19 and because his daughter had been left without a primary caretaker as a result of her mother's death. The Government filed a response in opposition on August 31, 2020. (ECF No. 336.) Through counsel, Bostic supplemented his motion to inform the Court that his daughter had recently resumed schoolwork without a stable living arrangement. (ECF No. 337.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Bostic's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and supplements thereto (ECF Nos. 327, 334, 337) are GRANTED.

## BACKGROUND

On February 3, 2010, James Bostic was charged via a Criminal Complaint with possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841. (ECF No. 1.) On February 17, 2020, the Grand Jury for the District of Maryland returned a five-Count Superseding Indictment which charged Bostic with Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine, in violation of 21 U.S.C. § 846 (Count One); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Four); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Five). (ECF No. 66.) On June 16, 2020, Bostic pled guilty to the conspiracy charge presented in Count One pursuant to a Plea Agreement. (Arraignment, ECF No. 75; Plea Agreement, ECF No. 76.)

Under the terms of the Plea Agreement, Bostic made certain factual and Guidelines stipulations. As to the facts, Bostic stipulated that he conspired to distribute cocaine from 2005 to February 2, 2010, during which time he engaged in drug transactions with representatives of a Mexican cartel. (ECF No. 76 at 4.) He further stipulated that a search warrant executed at his Pennsylvania home resulted in the recovery of a loaded pistol-gripped shotgun. (*Id.* at 5.) As to the Guidelines, Bostic agreed that an adjusted offense level of 38 applied. (*Id.* at 5.) The Government would not oppose a two-level reduction in his offense level and agreed to move for an additional one-level decrease in recognition of Bostic's timely notification of his intention to plead guilty. (*Id.*)

On November 8, 2010, Judge Quarles of this Court conducted a sentencing hearing and adopted the findings of the Presentence Investigation Report. Judge Quarles found that an offense level of 35 and a criminal history category of III applied, yielding an advisory Guidelines range of 210 to 262 months of imprisonment. Ultimately, a 210-month term of incarceration was imposed, to be followed by a 5-year term of supervised release. (ECF No. 116.) Subsequently, this Court reduced Bostic's sentence to 168 months of imprisonment. (ECF No. 306.) Bostic has served approximately 127 months of that sentence, and becomes eligible for release to home confinement on September 17, 2020.

**ANALYSIS**

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First

3

Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and a finding that a reduction in sentence is consistent with the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

## I.  Administrative Exhaustion Requirements.

Bostic has satisfied the procedural prerequisites to filing the instant motion in federal court. On May 11, 2020, Bostic filed a request for a sentence reduction with the warden of Lewisburg USP. That request was denied on May 13, 2020, prompting Bostic to file an administrative appeal on June 5, 2020. (ECF No. 334-1 *SEALED*.) As thirty days have elapsed since Bostic's request, his motion is properly before this Court.

## II.  Extraordinary and Compelling Reasons.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Specifically, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious

4

physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).  "The death or incapacitation of the caregiver of the defendant's minor child" also suffices. U.S.S.G. § 1B1.13 cmt. n.1(C).  Finally, the Commission has authorized the Bureau of Prisons to identify extraordinary and compelling reasons "other than, or in combination with" those identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although they provide useful guidance, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020).  Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g., United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In this case, Bostic's unique susceptibility to COVID-19 and the recent death of his daughter's mother provides "extraordinary and compelling reasons" for a sentence reduction to time served. Bostic has been diagnosed with hypertension and deep vein thrombosis, both

of which may potentially increase the risks associated with COVID-19.[2]  More importantly, however, Bostic's imprisonment is affecting the well-being of his daughter who has recently lost her mother and does not have a stable living environment.  The combination of Bostic's risk of severe COVID-19 symptoms and his inability to care for his daughter, who is now without parental protection, provides extraordinary and compelling reasons for Bostic's release.

## III.    Dangerousness to the Community under 18 U.S.C. § 3142(g).

The Sentencing Commission Policy Statement governing 18 U.S.C. § 3582(c)(1)(A) states that the District Court may only grant compassionate release after determining that the defendant is not a danger to any person or the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).  To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense, (2) the weight of the evidence against him, (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release.  *See* 18 U.S.C. § 3142(g).

The stipulation of facts in Bostic's plea agreement did not charge him with any specific acts of violence.  Although his drug trafficking crimes were serious, he has now been incarcerated for over 10 years.  There is no evidence that he has engaged in acts of violence while in prison.  Accordingly, this Court does not find that Bostic presents a danger to any person or the community.

---

[2] Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

## IV. Application of 18 U.S.C. § 3553(a).

Finally, before determining whether a sentence reduction is appropriate, this Court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court must consider (1) Bostic's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See United States v. Bryant*, CCB-95-0202, 2020 WL 2085471 at *4 (D. Md. Apr. 30, 2020).

An examination of these factors indicates that compassionate release is appropriate. While incarcerated, Bostic has made significant rehabilitative efforts, including participation in the Non-Residential Drug Abuse Program, participation in the Hospice Companion Program, and completion of various vocational training programs. (ECF No. 334-4 *SEALED*.) Although his crimes were serious, a sentence reduction after 10 years of imprisonment is appropriate in light of Bostic's rehabilitative efforts. This sentence reduction will not result in unwarranted sentencing disparities. In a prior ruling, this Court addressed the present sentencing disparity between Bostic and his co-defendant, Wade Coats, who received a 540-month sentence. *See Coats v. United States*, RDB-09-0333, 2020 WL 2794474 (D. Md. May 29, 2020). Per this Court's ruling, Coats will soon be re-sentenced to ameliorate the present disparity. Finally, upon his release, Bostic will reside with his fiancé, Walidah Muhammad, in Wilmington Delaware. It is possible that Bostic will be able to provide his daughter with a

stable home life in this new location, and that he will be able to obtain the necessary licenses to help his fiancé with the management of her business.

## **CONCLUSION**

Accordingly, it is HEREBY ORDERED this 16th day of September, 2020, that Defendant Bostic's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and supplements thereto (ECF Nos. 327, 334, 337) are GRANTED, subject to the following conditions:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Defendant James Bostic's term of incarceration is reduced to time served, such that he is released from the custody of Bureau of Prisons as soon as the terms of this Order can be implemented;

2. Defendant James Bostic shall be on supervised release status for a period of five years on the terms and conditions previously set;

3. Defendant James Bostic shall be released to the custody of his fiancé, Walidah Muhammad, in Wilmington, Delaware;

4. While traveling from FPC Lewisburg to his residence, Defendant James Bostic will isolate himself to the best of his ability.  Upon reaching his residence, Defendant James Bostic shall quarantine himself for a period of 14-days and observe all applicable stay-at-home orders; and

5. Probation will review the conditions of release with Defendant James Bostic.

\_\_\_/s/_____
Richard D. Bennett
United States District Judge